# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WALTER MORGAN,

      Petitioner,

                                              CASE NO.07-CV-14391
                                              HONORABLE PAUL D. BORMAN

v.                                              UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

      Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

      Walter Morgan, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction of one count of assault with intent to commit murder, M.C.L. 750.83, one count of felon in possession of a firearm, M.C.L. 750.224f, one count of assault with a dangerous weapon ("felonious assault"), M.C.L. 750.82, and one count of possession of a firearm during the commission of a felony ("felony-firearm"), M.C.L. 750.227b. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE**.**

## I.  BACKGROUND

      Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on

1

habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> Defendant's daughter, Charlotte Morgan, was in a relationship with Anthony Robinson. The couple had three daughters. Charlotte and her daughters lived with Elease Morgan, Charlotte's mother and defendant's ex-wife. Defendant periodically lived at Elease's home, and was living there at the time in question. Robinson also periodically lived at Elease's home.

> On the evening of March 24, 2005, while at Elease's home, Charlotte and Robinson had an argument concerning money that Charlotte had spent to purchase Easter clothing for her daughters; Robinson wanted to use the money to pay for repairs to his car. Apparently, Robinson had a history of striking Charlotte during heated arguments. When the argument escalated, defendant and Charlotte's brother, Jemel, intervened and forced Robinson to leave the house. Robinson threatened to return and drove away.

> Approximately 20 minutes later, Robinson returned and parked his car down the street from Elease's home. He then walked to Elease's home on foot. Elease noticed him approaching and screamed that Charlotte and their daughters were not at the house.

> At this time, Elease's son tried to sneak Robinson's two oldest daughters (aged five and seven) from Elease's home to a house across the street. Robinson saw Elease's son and his daughters in the street. He grabbed his daughters. Although they cried and resisted, he walked them toward his car. Charlotte, watching these events from an upper-level balcony of Elease's home, screamed that Robinson was taking her children.

> At this point, defendant confronted Robinson in the street and told him to release the girls. Defendant was carrying a shotgun. Robinson refused and held his daughters to avoid being shot. Defendant fired two shots in the ground, but Robinson still refused to release his daughters. Defendant then shot Robinson in the leg. Robinson fell to the ground, releasing his hold on his daughters. An older cousin of the girls was in a car nearby. The girls entered her car and she drove them away from the scene. As the girls escaped, defendant approached Robinson and shot him in the back.

> Defendant then went to a neighbor's house, where the police located him. Defendant did not deny his involvement in the shooting. The parties stipulatcd that defendant had a prior felony record and could not possess a gun. (footnotes omitted). *People v. Morgan,* No. 265288, *1-2 (Mich.Ct.App. February 22, 2007) .

Petitioner's conviction was affirmed on appeal. *Id*; *lv. den.* 479 Mich. 861 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Defendant's convictions for assault with intent to murder and felonious assault for a single assault violate the double jeopardy protection against multiple punishments.

II. The evidence was insufficient to sustain defendant's convictions of assault with intent to murder and felony firearm.

III. Defendant's convictions of possession of a weapon by a convicted felon and felony firearm [must] be reversed because they are not supported by evidence sufficient to establish his guilt beyond a reasonable doubt.

## II.   STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

3

## III.  ANALYSIS

### A.  Claim # 1.  The double jeopardy claim

Petitioner first alleges that his convictions for assault with intent to commit murder and felonious assault, arising from the same incident, constituted double jeopardy.  Respondent contends that petitioner's first claim pertaining to double jeopardy is procedurally defaulted, because petitioner failed to preserve the issue at trial.

In rejecting petitioner's first claim, the Michigan Court of Appeals noted that because petitioner failed to preserve the issue before the trial court, it would  review petitioner's claim for plain error. *People v. Morgan,* Slip. Op. at * 2. In reviewing for plain error, the Michigan Court of Appeals determined that:

> "[t]here is no violation of double jeopardy protections if one crime is complete before the other takes place, even if the offenses share common elements or one constitutes a lesser offense of the other." *People v Colon*, 250 Mich App 59, 63; 644 NW2d 790 (2002), *quoting People v Lugo*, 214 Mich App 699, 708; 542 NW2d 921 (1995).  In this case, the offense of felonious assault was completed before the offense of assault with intent to commit murder occurred.  Defendant committed assault with intent to commit murder when he shot Robinson twice, once after the children were released. Because defendant's convictions resulted from two separate actions, no double jeopardy violation occurred.

*Morgan* at * 3.  Thus, the Michigan Court of Appeals concluded that petitioner had failed to establish the requisite plain error needed to overturn his conviction.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501

U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his double jeopardy claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claim is procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to preserve the double jeopardy issue. Because petitioner has not demonstrated any cause for his procedural default, it is

5

unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review petitioner's first claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner's double jeopardy claim is procedurally barred.

**B. Claims # 2 and # 3. sufficiency of evidence claims.**

The Court will discuss petitioner's second and third claims together, because they are interrelated.

Petitioner contends that there was insufficient evidence to convict him of assault with intent to murder because there was insufficient evidence to establish that he had the clear and specific intent to kill Robinson.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal

6

prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *See Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Warren v. Smith,* 161 F. 3d 358, 361 (6th Cir. 1998); *See also Steele v. Withrow,* 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001). The intent to kill element does not equate with murder. *Warren,* 161 F. 3d at 361 (citing *People v. Taylor*, 422 Mich. 554; 375 N.W.2d 1, 7 (1985)). Thus, an intent to kill for purposes of this offense may not be proven by an intent to inflict great bodily harm or a wanton and wilful disregard of the likelihood that the natural tendency of the acts will likely cause death or great bodily harm. *Id.* Therefore, a conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Steele,* 157 F. Supp. 2d at 740 (citing *People v. Edwards*, 171 Mich.App. 613, 620; 431 N.W. 2d 83 (1988)). The intent to kill, for purposes of the crime of assault with intent to commit murder, need not be proved by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. *See Taylor*, 422 Mich. at 567-568.

In determining the defendant's intent, a court may take into account "[t]he nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made." *Id.*

7

at 568 *(quoting Roberts v. People*, 19 Mich. 401, 415-16 (1870)). The use of a lethal weapon will support an inference of an intent to kill. *Steele,* 157 F. Supp. 2d at 740; *People v. Ray*, 56 Mich. App. 610, 615; 224 N.W. 2d 735 (1974).

In the present case, there was sufficient evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that petitioner had the specific intent to kill so as to support his conviction for assault with intent to commit murder. Petitioner carried a shotgun and fired two shots at the ground when Robinson refused to release his daughters to avoid being shot. Defendant then shot Robinson in the leg. Robinson fell to the ground, releasing his hold on his daughters. An older cousin of the girls was in a car nearby and quickly removed the girls from the scene. After the girls escaped, defendant approached Robinson, who was lying in the street from a gunshot wound to the leg, and shot him in the back. Robinson was hospitalized and underwent numerous surgeries following the shooting. Furthermore, the trial testimony reflects that Robinson was unarmed. The evidence was sufficient to establish that petitioner committed assault with the intent to murder.

Petitioner further alleges that he acted in self-defense of his daughter and his grandchildren. Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(*citing People v. Heflin*, 434 Mich. 482; 456 N.W. 2d 10 (1990)). However, a defendant is not entitled under Michigan law to use any more force than is necessary to defend himself. *See People v. Kemp,* 202 Mich. App. 318, 322; 508 N.W. 2d 184 (1993). In addition, under Michigan law, before using deadly force in self-defense, a person has a duty to retreat if it is safely possible to do so. *See*

*Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 602 (E.D. Mich. 2001)(citing *People v. Mroue*, 111 Mich. App. 759; 315 N.W. 2d 192 (1981)).

When petitioner confronted Robinson in the street he initially stated "It's over for you" while pointing a shotgun at an angle. Robinson reacted by grabbing his daughters. Then, approximately fifteen feet away from the victim, petitioner fired two shots into the ground, after which petitioner walked up to Robinson said something about "money," and shot the victim in the back of the right leg. At this point, Robinson let go of the girls, who were removed from the scene by car. Defendant stood over the victim as he lay on the ground and shot him again in the back. The evidence does not support a finding that defendant acted in self-defense or defense of others. The victim testified that he was not armed with a weapon when defendant confronted him in the street and shot him. George Ledbetter testified that he heard an initial volley of shots and saw a man standing over another man, pointing a shotgun at him. He then heard four more gunshots. The police officers who responded to the scene found no weapon on the victim's person or in the area around the victim. There was no evidence that suggests that petitioner attempted to retreat from or avoid the victim after the initial confrontation. In light of the fact that the victim was unarmed when petitioner shot at him and petitioner took no steps to retreat or otherwise avoid the victim, a reasonable factfinder could find beyond a reasonable doubt that petitioner did not honestly and/or reasonably fear that he was in imminent danger of death or serious bodily harm from the victim and that he used far more force than necessary to defend himself. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 609 (E.D. Mich. 2002). Furthermore, once his grandchildren were removed from the scene, rather than retreating, petitioner stood over Robinson, who was on the ground from the gunshot wound to the leg, and fired again wounding him in the back. Petitioner's claim that his conviction

9

was not supported by constitutionally sufficient evidence because the prosecution failed to disprove his defense of self-defense and failed to prove that he acted with an intent to kill is without merit. *Id.* at p. 610.

When viewed in a light most favorable to the prosecution, the evidence in this case was sufficient to support a finding by the judge that petitioner possessed the requisite specific intent to kill. Furthermore, the evidence showed that petitioner intentionally pointed his loaded shotgun at Robinson and fired several shots at the victim. This was sufficient evidence from which a reasonable factfinder could find beyond a reasonable doubt that petitioner actually intended to kill the victim. *See Johnigan,* 207 F. Supp. 2d at 608. Thus, the Michigan Court of Appeals' decision rejecting petitioner's sufficiency of evidence claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented at trial. *Steele,* 157 F. Supp. 2d at 740. Petitioner is not entitled to habeas relief on his second claim.

In his third and final claim, petitioner alleges that there was insufficient evidence presented to support his conviction for felon in possession of a firearm because the prosecution failed to present any evidence at trial that petitioner's prior conviction for carrying a concealed weapon was a specified felony under the felon in possession statute or that his right to carry a firearm had not been restored.

In rejecting this claim, the Michigan Court of Appeals noted that the prosecution and the defense entered into the following stipulation: "defendant had a prior felony record and was ineligible to possess a gun." *Morgan,* Slip. Op. at * 5. The Michigan Court of Appeals further ruled that petitioner's prior carrying a concealed weapon (CCW) conviction qualified as a specified

10

felony under § 750.224f(6)(iii). *Id.,* at * 4 and f. 21.  The Michigan Court of Appeals concluded that this stipulation, coupled with evidence that petitioner was in possession of a shotgun, was sufficient to sustain his conviction for felon in possession of a firearm. *Id.*

The elements of felon in possession of a firearm in Michigan are (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See Parker v. Renico,* 450 F. Supp. 2d 727, 732 (E.D. Mich. 2006)(citing Mich. Comp. Laws § 750.224f).  Michigan's felon in possession of a firearm statute contains provisions that operate to restore the right of persons convicted of certain felonies to possess firearms upon the fulfillment of specific conditions.  The terms of those conditions depend on the nature of the convict's prior felony conviction.  Persons convicted of certain felonies must only wait three years after completion of their prison sentence, the payment of all fines, and the successful completion of all of the conditions of probation or parole to regain their right to possess a firearm. *See People v. Perkins,* 473 Mich. 626, 631; 703 N.W.2d 448 (2005); *See also U.S. v. Kenny,* 375 F. Supp. 2d 622, 624 (E.D. Mich. 2005)(both citing Mich. Comp. Laws § 750.224f(1)).  However, for certain "specified felonies," the convict must wait five years after release from custody, and in addition to paying fines and successfully completing parole or probation, must apply to and receive permission from the county weapons licensing board to have their right to possess a firearm restored. *Perkins,* 473 Mich. At 631; *Kenny,* 375 F. Supp. 2d at 624 (both citing Mich. Comp. Laws §§ 750.224f(2)).

In *Mattox v. Davis*, 549 F. Supp. 2d 877, 881-82 (W.D. Mich. 2008), a federal district court

11

judge in the Western District of Michigan rejected a similar insufficiency of evidence claim, concluding that there was sufficient evidence to sustain the habeas petitioner's conviction for felon in possession of a firearm, where the prosecution and the defense entered into a stipulation that the petitioner had previously been convicted of a specified felony and that he had not yet completed the terms of his parole. *Id.*  The judge noted that: "It is well settled that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element." *Id.* at 881 (*quoting United States v. Harrison*, 204 F. 3d 236, 240 (D.C. Cir. 2000)(additional citations omitted)).

In the present case, petitioner stipulated that he had previously been convicted of a felony and that he was ineligible to carry or possess a firearm.  Petitioner does not deny that he was previously convicted of carrying a concealed weapon.  Petitioner's CCW conviction is considered a specified felony under Michigan law, pursuant to Mich. Comp. Laws § § 750.224f(6)(iii). *See U.S. v. Williams*, 134 F. Supp. 2d 851, 853 (E.D. Mich. 2001).  The parties also specifically stipulated that petitioner had previously been convicted of a "specified felony."  When viewed in the context of the fact that petitioner's prior conviction was for carrying a concealed weapon, petitioner's stipulation that he "had committed a 'specified felony' and was ineligible to possess a gun" was sufficient to establish that petitioner was convicted of a specified felony, so as to sustain his conviction for felon in possession of firearm. *See People v. Mabins*, No. 2006 WL 1716724, * 2 (Mich.Ct. App. June 22, 2006).

Lastly, the Court rejects petitioner's claim that there was insufficient evidence to convict him of the felony-firearm charge.  Under Michigan law, the elements of felony-firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense.

12

*See Payne v. Smith,* 207 F. Supp. 2d 627, 642 (E.D. Mich. 2002)(*citing People v. Avant*, 235 Mich. App. 499, 505; 597 N.W. 2d 864 (1999)).  The evidence established that petitioner committed the felony of assault with intent to murder by shooting the victim.  This claim is therefore without merit.

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885.   The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous.  *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.    CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma*

*pauperis*.

**SO ORDERED.**


S/Paul D. Borman

PAUL D. BORMAN

UNITED STATES DISTRICT JUDGE


Dated:  March 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.


S/Denise Goodine

Case Manager

14